11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

                                                         

Michael D. Rodgers, Sr.

Appellant

Vs.                   No.
11-02-00127-CV -- Appeal from Dallas County

Dallas Area Rapid Transit

Appellee

 

After
Michael D. Rodgers, appellant, had rested in the bench trial of his personal
injury case, Dallas Area Rapid Transit (DART) 
filed a motion for directed verdict and final judgment.  The trial court granted the motion and
entered a judgment that appellant take nothing. We affirm.

Appellant
represented himself at trial and in this appeal. The record shows that
appellant was a regular user of the DART system.  The record further shows that, on the occasion made the basis of
this lawsuit, appellant was a passenger of DART.  As he was attempting to exit the crowded DART train, appellant
tripped and the door of the train closed on his arm while he was still on the
train.  Appellant alleged that he
suffered damages from the injuries he received in that accident.

The
take-nothing judgment entered by the trial court in response to DART’s motion
contained the following language:

[A]fter considering the motion and finding
that Plaintiff failed to introduce legally sufficient evidence on the material
elements necessary to Plaintiff’s cause of action against Defendant, this Court
is of the opinion that said motion for directed verdict should be granted.

 

In his
first issue on appeal, appellant argues that the issue is: “Whether the trial
court erred in not allowing Ms. Linda Bermingham who gave testimony as to being
the record keeper for Kiest Park Medical Clinic to give testimony as to the
authenticity of evidence.”  Linda
Bermingham was the custodian of the medical records in question.  In his second issue on appeal, appellant
frames the issue in this manner: “Whether the hearsay rule would have applied
had Ms. Bermingham been given the opportunity to give testimony as to the
authenticity of evidence.”  








In
response to appellant’s first two issues, DART argues that the trial court
ruled against appellant not only on the damage issues, but also on the issue of
liability, and that appellant has not taken an appeal from the adverse judgment
on the liability issue.  Therefore, DART
argues that, even if the trial court erred in excluding the evidence, such
error would not affect the outcome of the case.  Alternatively, DART takes the position that the trial court did
not err in connection with the admissibility of the medical records because
there was no proper predicate for their admissibility.  Further, DART takes the additional
alternative position that there was no evidence that the medical expenses
claimed by appellant were reasonable and necessary.  We agree with all of DART’s propositions.

A
negligence claim consists of the following elements:  (1) a duty owed to the one making the claim; (2) a breach of that
duty; and (3) damages which are proximately caused by the breach of that duty.  Greater Houston Transportation Co. v. Phillips,
801 S.W.2d 523 (Tex.1990).   Appellant
has not attacked the directed verdict and judgment insofar as the same relates
to the liability issue.  We agree with
DART that, even if we were to hold, which we do not, that the trial court was
incorrect in its ruling regarding the medical records, no substantial rights
have been affected and that error cannot be predicated upon such a ruling.  TEX.R.EVID. 103(a). 

Moreover,
the trial court did not err in excluding the evidence.  The medical records were hearsay.  See TEX.R.EVID. 801(d).  Hearsay is not admissible except as may be
provided by rule or statute. 
TEX.R.EVID. 802.  One such
exception is provided in TEX.R.EVID. 803(6). 
See Clark v. Walker‑Kurth Lumber Company, 689 S.W.2d 275, 281
(Tex.App. - Houston [1st Dist.] 1985, writ ref'd n.r.e.).   Rule 803(6) provides in relevant part:

A
memorandum, report, record, or data compilation, in any form, of acts, events,
conditions, opinions, or diagnoses, made at or near the time by, or from
information transmitted by, a person with knowledge, if kept in the course of a
regularly conducted business activity, and if it was the regular practice of
that business activity to make the memorandum, report, record, or data
compilation, all as shown by the testimony of the custodian or other qualified
witness, or by affidavit that complies with Rule 902(10).

 








We have
examined the record in this cause; and we do not find, nor have we been pointed
to any testimony which provides the predicate required for the admissibility of
the records.  Bermingham testified that
she was in charge of the records at Kiest Park Medical Clinic.  She also testified that the records were
made in the regular course of business. 
Appellant then began to question Bermingham about the contents of the
records.  DART interposed an objection
which the trial court took to be a hearsay objection regarding Bermingham’s
testifying without having personal knowledge as well as her testifying from
documents that were hearsay and which had not been introduced into
evidence.  The trial court informed
appellant that the medical records were hearsay and also informed him of the
basic definition of hearsay.  The trial
court also told appellant that there were certain exceptions to the hearsay
rule if he wanted to try to establish one of the exceptions.  Furthermore, we note that the trial court
admonished appellant regarding the complexities of the law and the advisability
of hiring an attorney.  The trial court
also told appellant that it would be inappropriate for the court to assist
him.  Appellant did not ask Bermingham
any further questions, but rather called himself as a witness.  He did not have any further testimony regarding
the admissibility of the medical records. 
Furthermore, appellant never offered the records for admission into
evidence. 

The trial
court did not err in refusing to admit evidence which was never offered and
which, under this record, was not admissible. 
Moreover, even if the court had erred in connection with the medical
records, no reversible error is shown because no appeal has been taken from the
adverse judgment regarding the liability issue.  Appellant’s first and second issues are overruled.

Finally,
in his third issue on appeal, appellant states that the inquiry is:  “Whether the Appellant gave all diligence in
his efforts to have evidence admitted before and at the time of trial.”  The issue does not claim any error on the
part of the trial court, and it is overruled. 

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

March 27, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.